**SYRIOS, Appellant,**

v.

**SYRIOS, Appellee.**

[Cite as *Syrios v. Syrios* (1990), 69 Ohio App.3d 246.]

Court of Appeals of Ohio,
Summit County.

No. 14534.

Decided Aug. 29, 1990.

*Robert G. Konstand,* for appellant.

*John L. Wolfe,* for appellee.

---

CIRIGLIANO, Judge.

The issue before us is whether the trial court properly refused to exercise jurisdiction over the determination of the custody of the parties' three minor children in a divorce action.

In July 1988, plaintiff-appellant Vanessa Renee Syrios filed a complaint for divorce against appellee Michael Thomas Syrios and for custody of the parties' three minor children. The complaint was filed in Arlington, Texas, the home

of the Syrios family. By consent of the parties, the trial court issued a temporary order granting custody to Michael and establishing Vanessa's visitation rights. Pursuant to that order, Vanessa was granted summer visitation with the children for a period of thirty days.

In August 1988, Vanessa left Texas to reside with her parents in Ohio. According to Vanessa's affidavit, the children came to Ohio to visit for nine days during August 1988. The children returned home to Texas until their next scheduled visit.

On June 3, 1989, Vanessa Syrios travelled to Texas to pick up the children. Michael testified that Vanessa told him that she would return the children in six weeks. Vanessa denied discussing a date concerning the return of the young children.

While in Texas to pick up the children pursuant to the temporary orders of visitation and custody, Vanessa consulted with her attorney. Then, Vanessa and the children left Texas, arriving in Ohio around June 3, 1989. On June 8, 1989, at Vanessa's request, Vanessa's lawyer in Texas filed a notice to dismiss Vanessa's complaint for divorce and custody. On the following day, Vanessa filed a complaint for divorce and for custody in the Summit County Court of Common Pleas, Domestic Relations Division. On August 2, 1989, Michael entered a special appearance in Ohio to move that the portion of Vanessa's complaint in which she claimed Ohio had jurisdiction over the children should be dismissed because Texas is the "home state" of the children and Vanessa had wrongfully taken the children from Texas. Apparently, Michael also filed a complaint for divorce and custody in the Texas court and a motion to vacate the dismissal of Vanessa's complaint filed in Texas because he did not receive notice of the dismissal. The Texas proceedings are stayed pending disposition of the Ohio action.

An evidentiary hearing was held on the issue of jurisdiction. The trial court found that Vanessa had wrongfully removed the children, and declined to exercise jurisdiction.

Vanessa assigns one error in this appeal.

## Assignment of Error

"The trial court erred in finding that the plaintiff-appellant had 'wrongfully taken' the minor children of the parties from the State of Texas and thus further erred in declining to exercise jurisdiction to determine the custody of the minor children, because they were 'wrongfully taken.'"

Vanessa argues that the children were not wrongfully taken from Texas because she was acting pursuant to the temporary court order allowing her visitation. Because there was no wrongful taking, Vanessa argues that the trial court erroneously applied R.C. 3109.26(A) to this case.

R.C. 3109.26(A) provides:

"If the petitioner for an initial decree has wrongfully taken the child from another state or has engaged in similar conduct, the court may decline to exercise jurisdiction if this is just and proper under the circumstances."

The statute was adopted to ensure, in part, that children do not become pawns to their parents' plans and desires to gain custody. Clearly, Vanessa planned the children's move to Ohio. After consulting with her attorney, she dismissed the Texas action, ensuring that no action would be pending, or orders in effect, when she initially filed her Ohio action. But the dismissal was delayed until after she left Texas with the children. It is that act of departure that she now argues was proper and that these facts preclude the Ohio court from declining jurisdiction.

It is for reasons such as this that R.C. 3109.26(A) was enacted. The legislature has vested the trial court with broad discretion. Under these circumstances, it could only be just and proper to decline to exercise jurisdiction. A blind adherence to the literal meaning of "wrongfully taken" in the statute could only bring more strife to those children whose parents seek ways to circumvent the law and shop for more sympathetic forums. We overrule Vanessa's assignment of error.

The decision of the trial court is affirmed.

*Judgment affirmed.*

REECE, P.J., and CACIOPPO, J., concur.